UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB GABRIEL DIMAS,<br>Petitioner,<br>v.<br>JEFFREY PERKINS,<br>Respondent. | Case No. C25-6193-DGE-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 22) AND ORDERING DISMISSAL |

On November 24, 2025, Petitioner, an incarcerated individual proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2022 Clark County Superior Court Judgment and Sentence convicting him of rape in the first degree with a deadly weapon enhancement. (Dkt. No. 1.) Petitioner's conviction was affirmed on direct appeal and the Washington State Supreme Court denied discretionary review. *See State v. Dimas*, 544 P.3d 597, *review denied*, 559 P.3d 483 (Wash. Ct. App. 2024). Petitioner raises several arguments. He argues his constitutional rights were violated by his appearance in a "jail booth" during portions of trial, which allegedly undermined the presumption of innocence and his ability to confer privately with counsel, and that juror bias infected his trial when two jurors verbally attacked another juror based on that juror's country of origin. (Dkt. No. 1-1 at 1–4.) He

further contends the 18-year delay in prosecution violated due process, that prosecutorial misconduct deprived him of a fair trial, and that insufficient evidence supported the deadly-weapon sentencing enhancement, rendering its imposition unconstitutional. (*Id.* at 4–10.)

On September 3, 2026, United States Magistrate Judge S. Kate Vaughan issued a report and recommendation ("R&R") recommending that Petitioner's petition for a writ of habeas corpus be denied without an evidentiary hearing and the action be dismissed. (Dkt. No. 22 at 32.) Judge Vaughan further recommended that a certificate of appealability be denied. (*Id.*)

Judge Vaughan found that the Petitioner failed to demonstrate that the Washington State Court of Appeals' decision in his direct appeal was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). First, Judge Vaughan concluded the state court reasonably determined the Petitioner waived any right to be physically present in the courtroom during certain hearings and sentencing, and that his remote appearance in a location separate from defense counsel did not establish a constitutional violation. (Dkt. No. 22 at 13–20.) The state court's determination that trial counsel was not entirely absent or prevented from assisting the Petitioner during a critical stage, such that prejudice should be presumed, was likewise not contrary to or an unreasonable application of clearly established federal law. (*Id.* at 15–20.)

Second, Judge Vaughan found the state court reasonably rejected the juror-related claim because the Supreme Court has not clearly established a duty to dismiss jurors for cause sua sponte, and that the two jurors at issue indicated that they could set aside their biases and defense counsel indicated there were no further concerns. (*Id.* at 21–23.)

Third, Judge Vaughan determined that the state court reasonably rejected the due process claim concerning the 18-year delay in prosecution because the Petitioner failed to demonstrate actual prejudice beyond mere speculation and the state court reasonably found legitimate investigative reasons for the delay. (*Id.* at 23–26.)

Fourth, Judge Vaughan determined that the Petitioner failed to establish that the state court's rejection of his prosecutorial misconduct claim was contrary to or an unreasonable application of clearly established federal law. (*Id.* at 26–29.) As the prosecutor neither relied on evidence outside the record nor misled the jury regarding the strength of the DNA evidence, and the Petitioner failed to establish constitutional error arising from the alleged use of "false evidence." (*Id.*) Further, the state court properly determined that the prosecutor did not comment on the Petitioner's failure to testify, it found that the prosecutor did not mention the Petitioner or the defense at all. (*Id.* at 28.)

Finally, Judge Vaughan found that the state court reasonably upheld the deadly weapon sentencing enhancement. (*Id.* at 31.) Although the evidence did not establish that the knife was a deadly weapon per se because its length was not established, the victim's testimony that the Petitioner held the knife to her neck and threatened to stab her if she did not comply provided a sufficient basis for a rational juror to find that the knife was used as a deadly weapon. (*Id.*) Accordingly, Judge Vaughan found no basis for habeas relief under § 2254. (*Id.* at 32.)

Petitioner objects to the R&R. (Dkt. No. 23.) The Court considers Judge Vaughan's recommendations de novo in light of Petitioner's objections. Fed. R. Civ. P. 72(b)(3). However, as noted in the Respondent's reply to the Petitioner's objections, the Petitioner raises no new issues and identifies no specific instance in which Judge Vaughan misconstrued the facts or misapplied the law in the R&R. (Dkt. No. 24.) Rather, Petitioner seeks to reargue issues

previously addressed by the state court and Judge Vaughan. Thus, Respondent requests this Court overrule Petitioner's objections. (*Id.* at 2, 7.)

Objections under Federal Rule of Civil Procedure 72(b)(2) are not an opportunity to relitigate arguments already considered and rejected; rather, they must identify specific errors in the Magistrate Judge's findings or recommendations. Petitioner's objections simply reargue the five issues raised in his initial appeal and response. (*See* Dkt. No. 23.) Accordingly, the Court finds they were adequately addressed by Judge Vaughan's R&R. "General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review." *Brooks v. Andrewjeski*, No. C22-5520-JCC, 2023 WL 1099248 (W.D. Wash. Jan. 30, 2023); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996). Moreover, the Court has examined the record before it and finds Judge Vaughan's reasoning persuasive in light of the record.

Having reviewed the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge, any objections or responses, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation.

(2) Petitioner's petition for writ of habeas corpus is DENIED without an evidentiary hearing, and this action is DISMISSED with prejudice.

(3) A certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Vaughan.

\\

\\

Dated this 16th day of October, 2026.

David G. Estudillo
United States District Judge