UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB GABRIEL DIMAS,<br><br>Petitioner,<br>v.<br><br>JEFFREY PERKINS,<br><br>Respondent. | NO. 3:25-cv-06193-DGE<br><br>ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (DKT. NO. 29) |

Before the Court is Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (IFP). (Dkt. No. 29.) On November 5, 2026, Petitioner filed a notice of appeal of the Court's order adopting United States Magistrate Judge S. Kate Vaughan's Report and Recommendation in full (Dkt. No. 30), which denied Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. Nos. 27, 28.)

Under Rule 24 of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). Along with the motion, the party must include an affidavit that: (A) shows in

the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)–(C). Respondent appears to have satisfied the requirements of Rule 24. Nevertheless, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

An appeal is taken in good faith where it seeks review of a non-frivolous issue. *See e.g., Arvidson v. Isbell*, No. 22-35800, 2023 WL 7013358, at *1 (9th Cir. Apr. 21, 2023); *see also Bennett v. Boy Scouts of Am. Aloha Council # 104*, No. 24-6726, 2024 WL 4694084, at *1 (D. Haw. Nov. 6, 2024) ("An appeal is taken in good faith if it seeks review of any issue that is non-frivolous.") (citing *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)). A claim is frivolous when it is without "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Some circuit courts of appeal have held that the frivolity standard of § 1915 applies to motions for leave to appeal IFP under Rule 24(a). *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982); *Crisafi v. Holland*, 655 F.2d 1305, 1305 (D.C. Cir. 1981).

Here, Petitioner raises the same five issues presented in his petition: (1) being held in a "jail booth" during critical stages violated his constitutional right to communicate with counsel privately, and deprived him of the presumption of innocence; (2) the lack of removal of two jurors due to juror bias denied his constitutional right to an impartial and unbiased jury; (3) preindictment delay of over 18 years denied his ability to present a complete defense; (4) the prosecutor violated Petitioner's right by misstating the strength of the DNA evidence to the jury and by commenting on the Defendant's failure to testify; and (5) the State failed to prove the elements of a deadly weapons sentencing enhancement. (Dkt. No. 29 at 1–2.) These arguments

were previously raised before the Washington Court of Appeals on direct review, which denied relief. The Washington State Supreme Court subsequently denied discretionary review. *See State v. Dimas*, 30 Wash. App. 2d 213, 544 P.3d 597, *review denied*, 3 Wash. 3d 1026, 559 P.3d 483 (2024).

Yet, Petitioner does little to address the reasoning underlying the Court of Appeals' rejection of his claims or explain why the Court's analysis was incorrect. Judge Vaughan also thoroughly considered each of Petitioner's claims and correctly concluded that none warranted habeas relief. Upon consideration of Petitioner's present motion, the Court finds that he has not identified nonfrivolous issues for appellate review. Accordingly, the Court DENIES Petitioner's motion for leave to proceed *in forma pauperis* on appeal.

Dated this 6th day of November, 2026.

David G. Estudillo
United States District Judge